UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRAHAM SIZER,

               *Plaintiff,*

v.

SMITH ELECTRIC VEHICLES US CORP,

               *Defendant.*

Case No. ____

<u>COMPLAINT</u>



RECEIVED APR 09 2015 U.S.D.C. S.D. N.Y. CASHIERS

Graham Sizer ("Plaintiff"), by and through his attorneys Fensterstock & Partners LLP, alleges for its Complaint against Smith Electric Vehicles US Corp ("Smith"), as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action to recover $477,255, together with 8% simple interest thereon, attorney's fees, costs and expenses, that Smith owes to Plaintiff, pursuant to a November 5, 2014 settlement agreement (the "Settlement Agreement") entered into between Plaintiff and Smith, and Smith's November 6, 2014 Affidavit of Confession of Judgment (the "Confession of Judgment").

### PARTIES, JURSIDICTION AND VENUE

2.    Plaintiff is an individual and a citizen of the United Kingdom.

3.    Upon information and belief, Defendant Smith is a Missouri corporation with its principal place of business located at 12200 N. Ambassador Drive, Suite 326, Kansas City, Missouri 64163.

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Additionally, this Court has jurisdiction over this matter pursuant to paragraph 7 of the Settlement Agreement (a true and correct copy of which is attached to this Complaint at Exhibit A), which states, in pertinent part, that "[Plaintiff and Smith] consent to the exclusive jurisdiction of the United States District Court for the Southern District of New York in any action brought to enforce this Agreement."

6. This Court also has jurisdiction over this matter, and venue is proper in this District, pursuant to paragraph 7 of the Confession of Judgment (a true and correct copy of which is attached to this Complaint at Exhibit B), which states, in pertinent part, that Smith "consents to the exclusive jurisdiction and venue of the United States District Court for the Southern District of New York for purposes of entering this Confession of Judgment or adjudicating any dispute that arises from this Confession of Judgment."

7. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(a)(1) and 28 USC § 1391(b)(3).

## FACTS COMMON TO ALL CLAIMS

8. On or about August 17, 2009, Smith issued a 10% Series A Secured Convertible Debenture to Plaintiff in the amount of $300,000, and on or about October 27, 2009, Smith issued a 10% Series A Secured Convertible Debenture to Plaintiff in the amount of $200,000 (collectively, the "Debentures").

9. When the respective Debentures matured in 2014, Smith failed to make the payments to Plaintiff that it was required to make pursuant to the Debentures.

10. In settlement of Plaintiff's claims against Smith for failing to make the required payments to Plaintiff pursuant to the Debentures, on November 5, 2014, Plaintiff and Smith

entered into the Settlement Agreement. As part of the settlement, Smith executed the Confession of Judgment one day after the Settlement Agreement, on November 6, 2014.

11. Among other things, in return for Plaintiff's agreement to release his claims against Smith for failing to pay Plaintiff on the Debentures, the Settlement Agreement required Smith to make certain payments to Plaintiff, pursuant to a payment schedule (the "Payment Schedule"), set forth in paragraph 1 of the Settlement Agreement (*see* Exhibit A, at ¶ 1), and at paragraph 3 of the Confession of Judgment (*see* Exhibit B, at ¶ 3).

12. Paragraph 4 of the Confession of Judgment states:

> This Confession of Judgment is hereby given as security to [Plaintiff] for all amounts justly owed by Smith to [Plaintiff] pursuant to the Payment Schedule and the express terms of the Settlement Agreement.

(Exhibit B, at ¶ 4).

13. Among other things, the Payment Schedule required that:

> On or before April 1, 2015, Smith Electric shall pay by wire transfer US $477,255 to [Plaintiff] pursuant to the wire instructions to be provided by [Plaintiff] (the "Final Payment") in full and final payment of all amounts due under this Agreement and the Debentures.

(Exhibit A, at ¶ 1(c); Exhibit B, at ¶ 3(c)).

14. On April 1, 2015, Smith entirely failed to pay $477,255 to Plaintiff, in breach of the Settlement Agreement and in violation of the Confession of Judgment. As of the date of this Complaint, Smith has failed to pay any part of the $477,255 that it owes to Plaintiff.

15. Pursuant to paragraph 2 of the Settlement Agreement, Plaintiff is entitled to collect "8% simple interest on [amounts that Smith fails to pay by the deadlines set forth in the Payment Schedule] until such amount[s] [are] collected." (Exhibit A, at ¶ 2). Simple interest at 8% on $477,255 amounts to $29.20 per day.

16. Paragraph 5 of the Confession of Judgment states, among other things:

> *In the event that Smith fails to pay the full amount of any single payment to [Plaintiff] on the date that any such payment is due pursuant to the terms of the Payment Schedule, [Smith] hereby authorize[s] [Plaintiff] to enter judgment against Smith, at any time, by filing this Affidavit of Confession of Judgment in the United States District Court for the Southern District of New York,* in the amount of $777,255, less any amounts that Smith has paid to [Plaintiff] pursuant to the Payment Schedule at the time of such filing.

(Exhibit B, at ¶ 5) (emphasis added).

17. Paragraph 6 of the Confession of Judgment states that "Smith shall be liable to [Plaintiff] for all expenses, including Attorney's fees, incurred in connection with securing and enforcing th[e] Confession of Judgment." (Exhibit B, at ¶ 6). Similarly, paragraph 2 of the Settlement Agreement provides that Smith shall be liable for Plaintiff's "attorney's fees incurred enforcing the Confession of Judgment." (Exhibit A, at ¶ 2).

## FIRST CAUSE OF ACTION

### (Breach of the Settlement Agreement)

18. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 17 as if fully stated herein.

19. The Settlement Agreement is an enforceable contract between Plaintiff and Smith under New York law.

20. Plaintiff has fulfilled all of his contractual obligations under the Settlement Agreement in good faith, including any and all obligations that Plaintiff was required to fulfill as a pre-requisite to bringing this action.

21. Pursuant to paragraph 1(c) of the Settlement Agreement, Smith was required to pay Plaintiff $477,255 on or before April 1, 2015. Smith has entirely failed to make this required $477,255 payment to Plaintiff.

22. Smith's failure to make the required $477,255 payment to Plaintiff on or before April 1, 2015 constitutes a breach of contract for which Plaintiff has been damaged in an amount to be determined at trial, but no less than $477,255, plus the applicable 8% simple interest thereon, which amounts to $29.20 per day, accruing from April 1, 2015 until paid in full.

**WHEREFORE**, Plaintiff respectfully requests judgment against Smith as follows:

(A) For the First Cause of Action, an Order pursuant to the Settlement Agreement and the Confession of Judgment, requiring Smith to pay Plaintiff: (i) the principal amount of $477,255, together with 8% simple interest thereon from April 1, 2015 until paid in full, which amounts to $29.20 per day, and (ii) all of Plaintiff's expenses, including its attorney's fees, that Plaintiff incurred in connection with securing and enforcing the Confession of Judgment and Settlement Agreement, and

(B) Any other relief that the Court deems just and proper.

Dated: New York, New York
April 9, 2015

FENSTERSTOCK & PARTNERS LLP

By: _____
Thomas A. Brown II (1642)
Scott J. Watnik (SW 8120)
100 Broadway, 8th Floor
New York, New York 10005
(212) 785 – 4100

*Attorneys for Plaintiff*